Opinion issued July 14, 2026



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————

**NO. 01-24-00630-CR**

**NO. 01-24-00633-CR**

———————————

**THE STATE OF TEXAS, Appellant**

**V.**

**TOM PETERSON, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1824051, 1871092**

---

## O P I N I O N

In 2023, the trial court held a jury trial on a charge of indecency with a child by contact and a charge of indecency with a child by exposure against appellee Tom Peterson. Prior to reading the charge to the jury, the trial court declared a mistrial

due to an instance of juror misconduct. A grand jury then indicted Peterson for the offense of continuous sexual abuse of a young child. Peterson filed three pretrial applications for writ of habeas corpus seeking dismissal of all three charges—the two indecency with a child charges and the new continuous sexual abuse charge—based on double jeopardy. The trial court granted the application and dismissed all three charges.

On appeal, the State challenges the trial court's ruling granting habeas relief and dismissing the continuous sexual abuse indictment.[1] The State argues that the mistrial on the two indecency charges does not have double jeopardy implications and bar the continuous sexual abuse charge because the charges are distinct, and the

---

[1] The trial court assigned new cause numbers to each writ application. Due to confusion over which writ cause number corresponded to which indictment, the State initially appealed all three of the trial court's orders granting habeas relief, including the orders dismissing the two indecency with a child charges. Four appellate cause numbers were generated: 01-24-00630-CR, 01-24-00631-CR, 01-24-00632-CR, and 01-24-00633-CR. The appeals from the indecency charges were assigned appellate cause numbers 01-24-00631-CR and 01-24-00632-CR. The State later determined that it did not wish to pursue an appellate challenge to the dismissals of the two indecency charges, and it moved to dismiss both of those appeals. A panel of this Court granted the State's motion and dismissed appellate cause numbers 01-24-00631-CR and 01-24-00632-CR. *State v. Peterson*, No. 01-24-00631-CR, 2024 WL 5160637, at *1 (Tex. App.—Houston [1st Dist.] Dec. 19, 2024, no pet.) (mem. op., not designated for publication) (per curiam).

Appellate cause numbers 01-24-00630-CR and 01-24-00633-CR remained pending and are the subject of this opinion. Appellate cause number 01-24-00630-CR corresponds to trial court cause number 1824051, the continuous sexual abuse indictment. Appellate cause number 01-24-00633-CR corresponds to trial court cause number 1871092, the writ application relating to the continuous sexual abuse indictment.

indecency charges are incapable of being predicates for the continuous sexual abuse charge.

We reverse and remand.

## Background

In 2021, a grand jury indicted Peterson for two indecency with a child offenses. The first indictment charged Peterson with the offense of indecency with a child by contact, alleging that Peterson "engage[d] in sexual contact with C.M., [a] person younger than seventeen years of age, by touching the Breast of C.M., with the intent to arouse and gratify the sexual desire of the Defendant." The second indictment charged Peterson with the offense of indecency with a child by exposure, alleging that Peterson "with the intent to arouse and gratify the sexual desire of the Defendant, expose[d] the Defendant's genitals, knowing that C.M., a child younger than seventeen years of age was present."

The trial court held a jury trial on these two charges in June 2023. The child complainant, who was fourteen at the time of trial, testified to multiple instances of inappropriate sexual conduct by Peterson, including conduct that falls within the scope of indecency with a child by contact and indecency with a child by exposure, as well as more egregious conduct that falls within the scope of aggravated sexual assault of a child, an offense with which Peterson was not charged. The complainant testified that Peterson's conduct began when she was six or seven years old, and the

last instance occurred in March 2020, when she was ten.[2] After the complainant's testimony, both the State and Peterson rested.

When trial resumed the following morning, the trial court heard evidence concerning an interaction a juror had with the complainant after she finished her testimony. As the complainant and a witness advocate were waiting to use the elevator, a juror approached the complainant, put her hands on the complainant's shoulder, and tried to speak to her.

Defense counsel moved to excuse the juror, which the trial court granted. But the court then expressed concern that the jury had been "tainted" and discussions among the jurors had occurred concerning witness performance. The trial court then questioned the juror on the record before the entire jury, excused the juror, and declared a mistrial.[3] After a recess, the State announced an intention to file an additional charge against Peterson.

Two days later, a grand jury indicted Peterson for the offense of continuous sexual abuse of a young child. The indictment alleged that Peterson

> on or about September 30, 2015 and continuing through September 30, 2019, did then and there unlawfully, during a period of time of thirty or more days in duration, commit at least two acts of sexual abuse against

---

[2] During the medical exam that the complainant received at the Children's Assessment Center, she reported that the abuse began when she was three years old.

[3] In the written orders granting a mistrial, the trial court did not check a box stating, "[t]he court finds that manifest necessity requires this trial to be terminated and the jury discharged."

4

a child younger than fourteen years of age, including an act constituting the offense of Aggravated Sexual Assault of a Child, committed against C.M. on or about September 30, 2015, and an act constituting the offense of Indecency with Child by Contact, committed against C.M. on or about September 30, 2019, and the Defendant was at least seventeen years of age at the time of the commission of each of those acts.

The State did not specifically allege the actions that constituted the offenses of aggravated sexual assault or indecency with a child.

Peterson filed an application for writ of habeas corpus and moved to dismiss the continuous sexual abuse charge based on double jeopardy. He argued that the trial court declared a mistrial on the two indecency charges without his consent and without manifest necessity. Because both indecency offenses are lesser-included offenses of continuous sexual abuse, and the continuous sexual abuse charge is "undoubtedly based on testimony adduced during the mistried prosecution" of the indecency charges, the continuous sexual abuse charge is the "same" offense as the indecency charges, and the double jeopardy clause bars prosecution of all three offenses.

The State opposed dismissal of the indictments, arguing that Peterson impliedly consented to the mistrial by not objecting and that the continuous sexual abuse charge is not the "same" offense as the indecency offenses because it was not based on the same elements alleged in the indecency indictments. The State acknowledged that the double jeopardy protection prohibited it from using the two

indecency charges as predicates for the continuous sexual abuse offense, but it argued that it was not doing so: instead, it alleged different offenses as the predicates for the continuous sexual abuse charge. Under the continuous sexual abuse statute, indecency with a child by contact could be a predicate offense, but not if it was based on touching the child's breast. Additionally, the predicate offenses that the State alleged did not require the State to prove that Peterson exposed his genitals to the complainant, as the indecency with a child by exposure indictment required. The indecency offenses and the continuous sexual abuse offense were therefore separate offenses for double jeopardy purposes.

Following a hearing, the trial court granted habeas relief to Peterson and dismissed all three pending indictments.[4] This appeal by the State followed. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1), (4) (allowing State to appeal order that dismisses indictment or sustains claim of former jeopardy).

---

[4] The trial court made findings of fact and conclusions of law. Among other things, the court concluded that both indecency offenses can be lesser-included offenses of aggravated sexual assault of a child, one of the predicate offenses alleged in the continuous indictment. Solely considering the three indictments at issue, "the allegations in the new indictment [for continuous sexual abuse] either are, or may be, the identical alleged conduct that is jeopardy barred in" the indecency offenses.

6

## Double Jeopardy

In its sole issue, the State argues that the trial court abused its discretion by granting Peterson's application for pretrial writ of habeas corpus because double jeopardy does not bar the continuous sexual abuse indictment.

### A. Standard of Review

A pretrial writ of habeas corpus, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). Generally, pretrial habeas "is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Id.* at 892. Nor is it available "when the resolution of a claim may be aided by the development of a record at trial." *Id.* (quotation omitted). Double jeopardy, however, is a "recognized exception" to these general rules because "the constitutional right at issue includes a right to avoid trial." *Id.*

We generally review a trial court's ruling on a habeas claim for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We must review the evidence in the light most favorable to the trial court's ruling. *Ex parte Gomez*, 624 S.W.3d 573, 576 (Tex. Crim. App. 2021). When resolution of a double jeopardy issue "requires application of the law to facts not involving credibility and demeanor determinations, we review the issue de novo." *Sledge v. State*, 666 S.W.3d 592, 599 (Tex. Crim. App. 2023).

**B.    Governing Law on Double Jeopardy and Related Concepts**

The Fifth Amendment protects against double jeopardy, providing that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V; *see also Oregon v. Kennedy*, 456 U.S. 667, 671 (1982) ("The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense."). The double jeopardy clause protects a defendant in three ways: (1) it protects against a second prosecution for the same offense following an acquittal; (2) it protects against a second prosecution for the same offense following a conviction; and (3) it protects against multiple punishments for the same offense. *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021).

Jeopardy attaches when a jury is impaneled and sworn. *Ex parte Fierro*, 79 S.W.3d 54, 56 (Tex. Crim. App. 2002); *Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995). Generally, if the defendant has been placed in jeopardy and the jury is discharged without reaching a verdict, double jeopardy bars a retrial for the same offense. *Ex parte Garrels*, 559 S.W.3d 517, 522 (Tex. Crim. App. 2018). There are two exceptions to this general rule: (1) if the defendant consents to the mistrial, or (2) the mistrial is based on some "manifest necessity." *Id.* In those two instances, double jeopardy does not bar a retrial. *Id.*

In a double jeopardy inquiry, we must determine whether the offenses involved are the "same." When distinct statutory provisions are at issue, we determine "legal sameness" by applying the *Blockburger* same-elements test to determine whether each provision requires proof of a fact which the other does not. *Ex parte Castillo*, 469 S.W.3d 165, 168 (Tex. Crim. App. 2015) (quotation omitted); *see Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under that test, lesser-included offenses[5] are legally the same as the greater offense and are subsumed by the elements of the greater offense unless the potential lesser-included offense requires proof of a fact that is not required to establish the greater offense. *Ex parte Castillo*, 469 S.W.3d at 168; *Brown v. Ohio*, 432 U.S. 161, 169 (1977) ("Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.").

---

[5]     Code of Criminal Procedure article 37.09 defines when an offense is a lesser-included offense:

> (1)     it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2)     it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3)     it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4)     it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09.

9

To determine if an offense is a lesser-included offense of another, we compare the "elements of the greater offense as pled to the statutory elements of the potential lesser-included offense in the abstract." *Ex parte Castillo*, 469 S.W.3d at 169; *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008) ("[W]hen resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging instrument."). An offense is a lesser-included offense if the indictment for greater offense "alleges all of the elements of the lesser-included offense" or "alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g) (per curiam).

The elements of the lesser-included offense need not be pleaded in the indictment "if they can be deduced from facts alleged in the indictment." *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). Courts examine the elements of the lesser offense to determine whether the elements are "functionally the same or less than those required to prove the charged offense." *Id.* (quotation omitted). Whether an offense is a lesser-included offense is a legal question that does not depend on evidence offered at trial. *Ex parte Castillo*, 469 S.W.3d at 169; *see Bien*

*v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018) ("In Texas, we look to the pleadings to inform the *Blockburger* test.").

If the offenses are legally the same, we then must determine whether the offenses are factually the same. *Ex parte Castillo*, 469 S.W.3d at 169. This inquiry involves determining the allowable unit of prosecution and reviewing the trial record to establish how many units have been shown. *Id.*; *Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015) (stating that "units analysis" involves "determining such things as whether there were two murder victims, whether a victim who was assaulted on Monday was assaulted again on Tuesday, or whether multiple kinds of sex acts were committed against a victim"). The allowable unit of prosecution turns on statutory construction and requires ascertaining the gravamen of the offense. *Ex parte Castillo*, 469 S.W.3d at 169.

If, after reviewing the record, we determine that the offenses are based on the same unit of prosecution, the offenses are factually the same for successive prosecution purposes. *Id.* The defendant must prove both legal sameness and factual sameness. *Id.*

A separate but related concept concerns jury unanimity. "Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed," meaning that the jury "must agree upon a single and discrete incident that would constitute the commission of the offense alleged." *Cosio v. State*, 353

11

S.W.3d 766, 771 (Tex. Crim. App. 2011) (quotation omitted). "When the State charges different criminal acts, regardless of whether those acts constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of these criminal acts." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).

Several variations of jury unanimity problems exist, including "when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Cosio*, 353 S.W.3d at 772. Because each occasion "individually establishes a different offense or unit of prosecution," the jury charge must instruct the jury "that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id.* A non-unanimity concern may also arise "when the State charges one offense and presents evidence of an offense, committed at a different time, that violated a different provision of the same criminal statute." *Id.* In this situation, the charge must "instruct the jury that it has to be unanimous about which statutory provision, among those available based on the facts, the defendant violated." *Id.*

Ordinarily, the Rules of Evidence prohibit the use of extraneous offense evidence to prove the defendant's character in order to show that on a particular occasion the defendant acted in accordance with the character. TEX. R. EVID. 404(b)(1). However, the Texas Legislature has relaxed this prohibition in the

12

prosecution for certain offenses, including both indecency with a child and continuous sexual abuse of a child. During these prosecutions, notwithstanding Rules of Evidence 404 and 405, "evidence of other crimes, wrongs, or acts committed by the defendant against the victim of the alleged offense" is admissible "for its bearing on relevant matters," including the state of mind of the defendant and the victim, as well as the previous and subsequent relationship between the defendant and the victim. TEX. CODE CRIM. PROC. art. 38.37, § 1(a)–(b); *Harris v. State*, 475 S.W.3d 395, 402 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (stating that article 38.37 "recognizes that evidence of this type is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics" and noting that legislative history "reflects that it was enacted to give prosecutors additional resources to prosecute sex crimes committed against children" (quotation omitted)).

When the State alleges one particular act of a sexual offense in the indictment and the trial evidence shows more than one incident of that same act, "the State must elect the act upon which it would rely for conviction." *Owings v. State*, 541 S.W.3d 144, 150 (Tex. Crim. App. 2017) (quotation omitted). The trial court errs if it fails "to have the State elect at the close of its evidence when properly requested by the defense." *Phillips v. State*, 193 S.W.3d 904, 909 (Tex. Crim. App. 2006).

Four purposes underlie the election requirement:

- to protect the accused from the introduction of extraneous offenses;

- to minimize the risk that the jury might choose to convict, not because one or more crimes were proved beyond a reasonable doubt, but because all of them together convinced the jury the defendant was guilty;

- to ensure unanimous verdicts; that is, all of the jurors agreeing that one specific incident, which constituted the offense charged in the indictment, occurred; and

- to give the defendant notice of the particular offense the State intends to rely upon for prosecution and afford the defendant an opportunity to defend.

*Owings*, 541 S.W.3d at 150.

Whether to request that the State elect the particular incident that it is relying upon for a conviction is a "purely strategic" choice by the defendant. *Cosio*, 353 S.W.3d at 775. If the defendant chooses not to elect, the State "is jeopardy-barred from prosecuting on any of the offenses that were in evidence." *Id.*; *Ex parte Pruitt*, 233 S.W.3d 338, 345 (Tex. Crim. App. 2007) ("A decision in this case that the State failed to make an election at the prior trial to seek a conviction only for the first incident of penetration in the summer of 1998 and the last incident of penetration in August or September of 2000 would mean that the remaining incidents of penetration testified to by the complainant at appellant's prior trial are jeopardy-barred."). This is so because absent an election, "it will be impossible to determine which particular incident of criminal conduct that the jury was unanimous about." *Cosio*, 353 S.W.3d at 776; *see also Ex parte Goodbread*, 967 S.W.2d 859, 861 (Tex.

14

Crim. App. 1998) ("When an indictment permits the State to obtain only one conviction, a defendant is not placed in jeopardy for more than one criminal act unless the State offers multiple instances of conduct in support of the indictment."); *Rankin v. State*, 953 S.W.2d 740, 743 (Tex. Crim. App. 1996) (Meyers, J., concurring) (stating that when evidence proves two or more instances of misconduct but no election is made, "we also consider a subsequent prosecution for any such instance of misconduct to be jeopardy barred because it is impossible to determine which offense the jury actually found the defendant to be guilty of").

By contrast, an election of a particular offense excludes the other offenses from the jeopardy bar such that the State may seek prosecution of those offenses at a later date. *Cosio*, 353 S.W.3d at 775–76; *see also Ex parte Goodbread*, 967 S.W.2d at 861 ("Every instance of sexual assault is a separate crime and may be prosecuted in separate trials.").

## C. Whether Double Jeopardy Bars the Continuous Sexual Abuse of a Child Indictment

We begin by comparing the elements of continuous sexual abuse of a child as alleged in the indictment with the elements of indecency with a child by contact and indecency with a child by exposure. The continuous sexual abuse indictment alleged that Peterson

> on or about September 30, 2015 and continuing through September 30, 2019, did then and there unlawfully, during a period of time of thirty or more days in duration, commit at least two acts of sexual abuse against

15

a child younger than fourteen years of age, including an act constituting the offense of Aggravated Sexual Assault of a Child, committed against C.M. on or about September 30, 2015, and an act constituting the offense of Indecency with Child by Contact, committed against C.M. on or about September 30, 2019, and the Defendant was at least seventeen years of age at the time of the commission of each of those acts.

The indictment did not allege details concerning the two predicate offenses for continuous sexual abuse: aggravated sexual assault or indecency with a child by contact.

The elements of continuous sexual abuse, as modified by the allegations in the indictment, are therefore as follows:

- Peterson

- during a period of time of thirty or more days in duration

- committed at least two acts of sexual abuse

- against a child younger than 14 years of age

- including an act of aggravated sexual assault of a child, committed against the complainant on or about September 30, 2015, and

- an act of indecency with a child by contact, committed against the complainant on or about September 30, 2019, and

- Peterson was at least 17 years of age at the time of commission of each act.

Turning to the indecency offenses, the elements of indecency with a child by contact are:

- a person

- with a child younger than 17

16

- engages in sexual contact with the child

- by touching the child's breast

- with the intent to arouse or gratify the sexual desire of any person.

TEX. PENAL CODE § 21.11(a)(1), (c)(1).

The elements of indecency with a child by exposure are:

- a person

- with a child younger than 17

- with intent to arouse or gratify the sexual desire of any person

- exposes any part of the person's genitals

- knowing the child is present.

*Id.* § 21.11(a)(2)(A).

The offense of continuous sexual abuse requires a defendant to commit, during a period that is 30 or more days in duration, two or more "acts of sexual abuse," or predicate offenses. *Id.* § 21.02(b)(1). Relevant here, predicate offenses include:

- indecency with a child by contact, "if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child"; and

- aggravated sexual assault of a child.

*Id.* § 21.02(c)(2), (4). Predicate offenses are lesser-included offenses of continuous sexual abuse. *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014); *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011) (stating that predicate offense

17

"will always be" lesser-included offense of continuous because "continuous sexual abuse is, by its very definition, the commission under certain circumstances of two or more of the offenses listed" as predicate offenses).

The parties agree that indecency with a child by contact, as alleged in the indictment against Peterson, is not a lesser-included offense of continuous sexual abuse. The indecency by contact indictment alleged that Peterson committed the offense by touching the complainant's breast. Although Penal Code section 21.02(c) lists indecency with a child by contact as a predicate "act of sexual abuse," it limits the kind of indecency by contact that can serve as a predicate. Specifically, indecency by contact is a predicate offense only if "the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child."[6] TEX. PENAL CODE § 21.02(c)(2); *Ex parte Hernandez*, — S.W.3d —, No. 03-25-00008-CR, 2026 WL 77267, at *5 (Tex. App.—Austin Jan. 9, 2026, pet. filed). Continuous sexual abuse and indecency with a child by touching the child's breast are therefore not the "same offense" for double jeopardy purposes. *Ex parte Hernandez*, 2026 WL 77267, at *5.

---

[6] As Peterson points out, the aggravated sexual assault of a child statute likewise precludes basing that offense on the act of touching a child's breast. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i)–(v) (listing manner and means of committing aggravated sexual assault of child, all of which involve anus, sexual organ, or mouth of child or another person, and none of which involve child's breast).

18

Indecency by exposure is also not listed as a predicate offense for continuous sexual abuse. *See* TEX. PENAL CODE § 21.02(c) (listing predicate offenses for continuous sexual abuse, including "indecency with a child under Section 21.11(a)(1)" under certain circumstances, but not mentioning indecency by exposure under section 21.11(a)(2)). However, that is not the end of our inquiry because the parties disagree concerning whether indecency by exposure is a lesser-included offense of aggravated sexual assault—a predicate offense for continuous sexual abuse—and therefore whether indecency by exposure is a "lesser-included offense of a lesser-included offense" of continuous sexual abuse.

The parties' disagreement centers on the Fourteenth Court's recent opinion in *Alvarez v. State*. In that case, the indictment alleged that Alvarez committed aggravated sexual assault of a child by causing the child complainant's sexual organ to contact Alvarez's mouth. *Alvarez*, 694 S.W.3d 847, 850 (Tex. App.—Houston [14th Dist.] 2024, no pet.). At trial, the State requested a jury instruction on the lesser-included offense of indecency by exposure, and the trial court gave the instruction. *Id.* The jury found Alvarez guilty of indecency by exposure. *Id.*

On appeal, Alvarez argued that the court committed charge error because indecency by exposure is not a lesser-included offense of aggravated sexual assault of a child. *Id.* Specifically, he argued that indecency by exposure requires proof of exposure, while aggravated sexual assault does not. *Id.* at 851. The Fourteenth Court

19

did not agree with this argument, noting that "[w]hile there is no express reference to 'exposure' in the alleged elements of aggravated sexual assault of a child, an act of exposure is nonetheless required to prove that greater offense because oral contact with the complainant's sexual organ could not be possible unless the sexual organ were exposed." *Id.* The exposure element of indecency by exposure was therefore "functionally the same or less" than what was required to prove aggravated sexual assault. *Id.* The court concluded that "indecency with a child by exposure is a lesser-included offense of aggravated sexual assault of a child when the defendant is alleged to have committed that greater offense by causing the child's sexual organ to contact the defendant's mouth." *Id.*; *see Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009) ("[I]ndecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act.").

The State argues that *Alvarez* is either "wrong in its conclusion, or at least as it would apply in this case." It first argues that indecency by exposure and aggravated sexual assault are not the same offenses because indecency by exposure has an additional element—the exposure must occur "with intent to arouse or gratify the sexual desire of any person—that is not established by the same or less than the proof required for aggravated sexual assault. Trial evidence might show that a defendant possessed that intent, but under the cognate-pleadings approach to lesser-included

offenses, trial evidence does not factor into that analysis. For an indecency offense to be a lesser-included offense of aggravated sexual assault, the indictment for the greater offense would need to allege that the defendant acted with intent to arouse or gratify the sexual desire of any person.

The State then argues that indecency by exposure cannot be a lesser-included offense of the aggravated sexual assault predicate of continuous sexual abuse because the indecency indictment alleged a date for the offense outside the date range alleged in the continuous indictment. The continuous indictment alleged a range of September 30, 2015, through September 30, 2019. The indecency by exposure indictment alleged a date of March 4, 2020. Because these dates do not overlap, the mistrial on the indecency by exposure offense does not jeopardy-bar the aggravated sexual assault predicate. *See Price*, 434 S.W.3d at 606 ("A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed."); TEX. PENAL CODE § 21.02(e)(2).

Peterson, on the other hand, argues that indecency by exposure can be a lesser-included offense of aggravated sexual assault. In the first trial, the complainant testified that on some occasions Peterson only exposed his genitals, but on other

occasions, he made her perform oral sex, and thus the exposure preceded contact and penetration. Because the continuous indictment did not specify the manner and means by which Peterson allegedly committed aggravated sexual assault, any possible lesser-included offense by any possible manner and means was jeopardy-barred.

This Court acknowledges the force of Peterson's arguments about *Alvarez*. We also acknowledge the State's view that *Alvarez* may have been wrongly decided, but resolution of the *Alvarez* debate can wait for another day because we ultimately conclude that *Alvarez* is factually distinguishable. The aggravated sexual assault indictment against Alvarez alleged that he committed that offense by intentionally and knowingly causing the child complainant's sexual organ to contact his mouth. *See* 694 S.W.3d at 850. Although the indictment did not allege an "exposure" element and the aggravated sexual assault statute does not expressly reference exposure, "an act of exposure is nonetheless required to prove that greater offense because oral contact with the complainant's sexual organ could not be possible unless the sexual organ were exposed." *Id.* at 851. As a contrast, the court pointed to indecency by contact. The indecency with a child statute permits indecency by contact to including "a touching 'through clothing.'" *Id.* (quoting TEX. PENAL CODE § 21.11(c)). That offense can therefore occur "when the child is fully clothed—i.e., not exposed." *Id.* That is not the case, however, for aggravated sexual assault of a

child, "at least when the indictment alleges that the defendant caused the child's sexual organ to contact the defendant's mouth." *Id.* In that situation, exposure must necessarily occur for the prohibited contact to occur. *Id.* Therefore, "indecency with a child by exposure is a lesser-included offense of aggravated sexual assault of a child *when the defendant is alleged to have committed that greater offense by causing the child's sexual organ to contact the defendant's mouth.*" *Id.* (emphasis added).

Here, by contrast, the indecency by exposure indictment alleges that Peterson exposed his genitals while the complainant was present, and the continuous indictment alleges only that Peterson committed an act "constituting the offense of Aggravated Sexual Assault of a Child, committed against C.M. on or about September 30, 2015." The indictment does not allege *how* Peterson committed aggravated sexual assault of a child. It is possible to commit that offense without exposing the defendant's genitals.[7] *See, e.g.*, TEX. PENAL CODE § 22.021(a)(1)(B)(i)

---

[7]    For this same reason, indecency by exposure is not necessarily a lesser-included offense of indecency by contact, the other predicate offense alleged in the continuous indictment. A person commits indecency by contact if he "engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE § 21.11(a)(1). "Sexual contact," when committed with the intent to arouse or gratify the sexual desire of any person, includes "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" or "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." *Id.* § 21.11(c). As the Court of Criminal Appeals has recognized, "it is possible to commit indecency with a child by sexual contact without necessarily committing indecency with a child by exposure. It is also possible to commit indecency with a

23

(causing penetration of anus or sexual organ of child by any means), (iii) (causing sexual organ of child to contact or penetrate mouth or anus of another person), (iv) (causing anus of child to contact mouth or anus of another person), (v) (causing mouth of child to contact anus of another person).

Peterson points out that in the first trial, the complainant testified that while on some occasions Peterson merely exposed his genitals to her, on other occasions he made her perform oral sex on him, and therefore exposure necessarily preceded the contact that occurred on those occasions. However, in the first trial, Peterson was only charged with two offenses: indecency by contact (touching the complainant's breast) and indecency by exposure. Any other acts testified to by the complainant were extraneous offenses admissible under article 38.37. Although evidence of those acts was admissible "for its bearing on relevant matters," including "the state of mind of the defendant and the victim" and "the previous and subsequent relationship between the defendant and the victim," Peterson was not on trial for any acts other than those alleged in the two indecency indictments. *See* TEX. CODE CRIM. PROC. art. 38.37, § 1(b). And, as stated above, those two acts—indecency by touching the

_____

child by exposure without necessarily committing indecency with a child by sexual contact because a person can commit the required exposure and never advance to the point of engaging in contact." *Speights v. State*, 464 S.W.3d 719, 723 (Tex. Crim. App. 2015). The Legislature "has proscribed two distinct types of conduct," and "[w]hen both offenses are committed, they both may be tried." *Id.*

complainant's breast and indecency by exposure—are statutorily excluded as predicate offenses to continuous sexual abuse.[8] *See* TEX. PENAL CODE § 21.02(c).

Peterson argues that the State presented evidence of multiple instances of abuse in the first trial but did not make an election concerning which instance it intended to proceed upon for a conviction, and therefore all instances of abuse testified to in that trial are jeopardy-barred. We do not agree. Requiring an election serves four purposes, including ensuring unanimity of the verdict, "that is, all of the

---

[8] In his post-submission briefing, Peterson downplays the importance of *Alvarez* by pointing out that the Court of Criminal Appeals has also held that indecency by exposure is a lesser-included offense of aggravated sexual assault of a child. *See Ex parte Kibler*, 664 S.W.3d 220, 223 n.1 (Tex. Crim. App. 2022) ("Indecency with a child by exposure is a lesser-included offense of aggravated sexual assault of a child."); *Aekins v. State*, 447 S.W.3d 270, 279 (Tex. Crim. App. 2014) ("A single sexual act of penile penetration almost always consists of exposing the penis en route to contacting the vagina (or anus or mouth) with the penis, en route to penetration of the same with the penis."); *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009) (concluding court of appeals correctly held "that indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act"). Here, based on the indecency by exposure indictment and the continuous indictment—which does not specify how Peterson allegedly committed the predicate offense of aggravated sexual assault—we cannot say that the indecency by exposure offense and the aggravated sexual assault offense are predicated on the same act. *See Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007) (concluding that court of appeals correctly determined that double jeopardy does not bar State from prosecuting genital-to-genital contact offense so long as contact was "distinct from, and not an incident of, any act of genital penetration," for which defendant had been acquitted in prior trial); *see also Maldonado v. State*, 461 S.W.3d 144, 148, 150 (Tex. Crim. App. 2015) (noting that, depending on facts of case, exposure can be separate and distinct from contact and penetration, "the focus of sex offenses is the prohibited conduct," and "the legislature intended to allow separate punishments for each prohibited act"). Under the circumstances present in this case, *Kibler*, *Aekins*, and *Evans* do not compel a holding that the mistrial on the indecency by exposure offense jeopardy-bars the continuous indictment.

jurors agreeing that one specific incident, which constituted the offense charged in the indictment, occurred." *Owings*, 541 S.W.3d at 150. When the defendant makes the strategic choice not to elect and the jury then convicts, it becomes "impossible to determine which particular incident of criminal conduct that the jury was unanimous about," and therefore "the State will be jeopardy-barred from later prosecuting a defendant for any of the offenses presented at trial." *Cosio*, 353 S.W.3d at 776.

Here, Peterson did not request that the State elect which exposure incident it wished to rely upon in the case that ended in a mistrial, and the State made no such election. But that case did not reach the jury: the trial court declared a mistrial before charging the jury. Because the first trial proceeding ended before it reached the jury for deliberations, the jury unanimity concern underlying the election requirement is not present in this case. Therefore, the jeopardy-bar that typically accompanies the State's failure to elect does not do so here.

When comparing the indecency by exposure indictment and the continuous sexual abuse indictment, we cannot conclude the offenses are legally the same. *See Ex parte Castillo*, 469 S.W.3d at 168–69. The indecency by exposure indictment requires the State to prove a single act: that Peterson exposed his genitals. This offense is statutorily excluded as a predicate offense to continuous sexual abuse, and while it may be a lesser-included offense to aggravated sexual assault in some

contexts, we cannot say that it is in this case because the continuous sexual abuse indictment does not specify how Peterson allegedly committed aggravated sexual assault of the complainant. Thus, the charged exposure offense may contain an element (exposure) that the charged continuous offense does not include. We conclude that under *Blockburger*, Peterson did not meet his burden to prove that the indecency by exposure offense charged in the first trial proceeding is legally the same as the continuous sexual abuse offense charged in the second trial proceeding. *See id.* at 169 ("To prevail, the claimant must prove legal sameness and factual sameness."). We therefore hold that the trial court erred by granting habeas relief to Peterson and dismissing the continuous sexual abuse indictment.

We sustain the State's sole appellate issue.

## Conclusion

For these reasons, we reverse the trial court's order granting habeas corpus relief and dismissing the continuous sexual abuse indictment against Peterson. We remand the case to the trial court for further proceedings consistent with this opinion.

David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Publish. TEX. R. APP. P. 47.2(b).